**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2021[*]
Decided February 23, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-1660

| | |
|---|---|
| PARAMJIT SINGH, <br>     *Petitioner*, | Petition for Review of Orders from the <br> Board of Immigration Appeals. |
| *v.* | No. A205-935-074 |
| MONTY WILKINSON, Acting Attorney <br> General of the United States, <br>     *Respondent*. | |

**O R D E R**

Paramjit Singh, a citizen of India, challenges the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. He maintains that he fears harm based on his political affiliation if he returns to India. Because substantial evidence supports the agency's determination, we deny his petition for review.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2013, immigration authorities apprehended Singh after he entered the United States without a valid entry document. The Department of Homeland Security charged him with removability, *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I), which he conceded.

In his application for immigration relief, Singh—a Sikh from the northern state of Punjab—described the conditions that led him to flee India. Singh explained that he belonged to the Shiromani Akali Dal Amristar Party (also known as the Mann Party), which advocated for the establishment of a Sikh homeland. Based on his membership in that party, he contended that upon return he would be targeted and killed by agents of the Congress Party, one of Punjab's major political parties. At his hearing before an immigration judge, Singh testified that he had been beaten by Congress Party members on three occasions after attending political rallies in the year before he left India.

The IJ denied all relief. As an initial matter, she found Singh's testimony insufficiently credible or persuasive to support his burden of proof. The IJ discounted Singh's testimony as vague and unspecific: he knew little about the Mann Party or its strength in Punjab; he could not explain how friends who accompanied him to the rallies were able to evade the attacks while he was not; and he did not specify the nature of his injuries. She also noted inconsistencies between Singh's testimony and affidavits provided by his father and two village residents over the number of times Singh was attacked, his father's supposed presence at one of the attacks, and the nature of the medical treatment Singh received after each attack. Because she found him not credible, the IJ considered whether Singh provided corroborative evidence sufficient to rehabilitate his testimony, as required by the REAL ID Act. 8 U.S.C. § 1229a(c)(4)(B). But the IJ determined that this evidence was insufficient, given that the submitted affidavits were inconsistent with Singh's testimony, similarly worded, and lacking in detail about his alleged injuries. The Board of Immigration Appeals upheld the IJ's determination.

In his petition for review, Singh primarily challenges the adverse credibility determination on grounds that the IJ focused on immaterial inconsistencies that were easily explained. For instance, when he was confronted about inconsistencies between his testimony and his father's affidavit, Singh explained that his father had simply forgotten things and that his own memories were clouded by the injuries he sustained during the attacks. Singh also argues that too much was made of his lack of familiarity with the philosophical tenets and political standing of the Mann Party, given his minor role in the party and low educational attainment.

Singh faces a high burden. We will overturn a credibility determination only under "extraordinary circumstances" in which the IJ and the Board did not support

their conclusions with specific evidence, and the facts compel the opposite conclusion. *See Santashbekov v. Lynch*, 834 F.3d 836, 839 (7th Cir. 2016).

The record does not compel reversal of the IJ's adverse-credibility determination. First, the inconsistencies identified by the IJ concern details about the attacks that are central to Singh's claim, so they need not be dismissed as immaterial. *See Alvarenga-Flores v. Sessions*, 901 F.3d 922, 925–26 (7th Cir. 2018). The IJ appropriately highlighted material discrepancies between Singh's testimony and the written materials supporting his application—over the number of attacks he allegedly suffered (he testified to three attacks, but his father and the villagers mentioned only two in their affidavits); the extent of his injuries (he testified that after each attack he lost consciousness and was hospitalized, but his application stated that he was treated by a local hakim, or healer); and the alleged presence of his father at one attack (Singh testified he alone was attacked each time, but his father wrote in his affidavit that he was with Singh and also beaten on one occasion). As for Singh's suggestion that these discrepancies can be explained by his and his father's memory lapses, the IJ was within her discretion to conclude otherwise absent any corroborating evidence of any head injuries or cognitive problems. *See id.* at 926 n.3.

Singh also argues that his corroborating evidence was sufficient to rehabilitate his testimony. Any similarity in the wording of the affidavits, he asserts, should not detract from the fact that they corroborated his claims of persecution and carried evidentiary weight. But even if these affidavits corroborated some aspects of his testimony, they do not undermine the IJ's adverse-credibility finding. *See Santashbekov*, 834 F.3d at 840 (generalized letter from asylum applicant's political-party supervisor insufficient to overcome material inconsistencies in applicant's testimony). As we have explained, the highlighted inconsistencies in Singh's evidence were more than sufficient to support the credibility finding.

We have considered Singh's remaining arguments, and none has merit.

Therefore, we DENY the petition for review.